### Upton *v.* Bartlett *et al.*

(*Supreme Court, General Term, Second Department.* February 11, 1891.)

MASTER AND SERVANT—DEFECTIVE APPLIANCES.

While plaintiff's intestate was engaged as night watchman on defendants' inclosed pier, his principal duty being to prevent pilfering by river thieves, he found one of the large doors of the pier open, and while attempting to close it he received injuries, in consequence of the defective condition of the door, from which he died. *Held,* that deceased was acting in the line of his duty, and defendants were liable.

Appeal from circuit court, Kings county.

Action by Deborah B. Upton, as administratrix of William G. Upton, against Edward B. Bartlett and others, for injuries causing the death of plaintiff's intestate. While deceased was attempting to close a door on defendants' inclosed pier, on which he was night watchman, a piece of timber fell upon him, and knocked him into the water, causing pneumonia, of which he died. Judgment was entered on a verdict for plaintiff, and defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Goodrich, Deady & Goodrich,* for appellants. *A. C. Shenstone,* for respondent.

PRATT, J. The plaintiff's intestate was night watchman upon defendants' inclosed pier. His principal duty was to prevent pilfering by river thieves. After the work of the day had been completed the deceased came upon the pier to perform his duty as watchman. Finding one of the large doors at the side of the inclosed pier standing open, deceased endeavored to close it, and in that effort met his death. A recovery in this action is now resisted upon the ground that closing the open door was no part of his duty. His duty was to prevent pilfering, and, if closing the open door was a reasonable and proper step in the performance of that duty, he cannot be said to have gone beyond its limits. Had he done less, and theft ensued, as would have been probable, he would have justly been suspected of complicity with the thieves. At request of defendants the court charged the jury that, if deceased went beyond the line of his duty in closing the door, the plaintiff could not recover. As he was lawfully upon the pier, in defendants' employment and invitation, and was not engaged in an illegal act, it is not easy to see why he was not entitled to be safe so long as he was not guilty of any contributory negligence. To the doubt expressed in the charge the meagerness of the verdict may perhaps be attributed. We see no evidence of contributory negligence. The notice of the defect given to the foreman of defendants was sufficient to charge them with responsibility. Judgment affirmed, with costs. All concur.